HALL *et al. v.* STATE.

(Division B. April 4, 1938.)

[180 So. 51. No. 33169.]

W. M. **Hutto**, of Waynesboro, for appellant, Clarence Hall.

M. L. **Heidelberg**, of Waynesboro, for appellants, Clarence Hall and Roland Arnold.

**Russell Wright,** Assistant Attorney-General, for the State.

**Ethridge, P. J.**, delivered the opinion of the court.

The appellants were jointly indicted and tried, and each convicted of the crime of burglary, in the circuit court of Wayne county; from which judgment this appeal is prosecuted.

The appellants were convicted of burglarizing the store of Mr. C. H. Walker, situated on the Waynesboro and Laurel public road. Mr. Walker lived opposite his store, on the public highway. He had retired, but had not gone to sleep, when he heard a noise, and listening, decided that it came from the direction of his store. He arose, went to the front door of his residence, opened it slightly, and looked in the direction of the store, when he saw Mr. Arnold working his way in the window of the store, while Mr. Hall stood on the property on which the store was situated, four to six feet from the store window, facing the residence of Mr. Walker. Mr. Walker stepped back from the door, secured a pistol, and came out of the house, but in the meantime Hall had gone. Arnold was emerging from the store window, head first, as Walker approached within ten or twelve feet and asked what he was doing and what he wanted; whereupon Arnold fled in a westerly direction, Walker firing the pistol at him five times without hitting him.

Walker stated that he had known Arnold some fifteen or sixteen years, and Hall for about two and a half years. The moon was shining brightly, at about the position in the sky where the sun would be at 10 o'clock in the morning.

Mr. Walker went for the sheriff, who telephoned to Meridian for Mr. Jenkins, who owned bloodhounds, to

bring his dogs, which he did, arriving at about two or half past two in the night. The hounds were taken to the window where Arnold had come out; there they took up the scent and followed the trail to the home of Clarence Hall, where they found Arnold in bed. When the bloodhounds saw Arnold, they scented him and bayed— that is, they barked, which seems to be their way when they locate the person they are trailing.

The testimony of Mr. Jenkins was to the effect that the animals were well trained; that when they took the trail they never departed from it for any other; and that they identified the person they were trailing by rearing up on him and barking, as they did in the case of Arnold.

Up to the time of the arrest of Arnold, Mr. Walker had not mentioned to the sheriff that he had seen Mr. Hall at the place above mentioned, and the fact of his disappearance, but he subsequently told about it. Hall was arrested after Arnold's arrest.

When the state closed its case there was a motion to strike the evidence and direct a verdict of acquittal, which was overruled; whereupon the defendants offered proof of an alibi for both, several witnesses testifying that the two men were at a house near the home of Hall during the period of time from about 8:30 to about 11:30, Hall leaving some fifteen minutes before Arnold. All of these witnesses, of whom there were several, placed Arnold and Hall together at this house. Also, Arnold testified that he had gone along the route from the store to the home on the day before the burglary at night; and that he had secured two rides along the way for parts of the distance, with two different people.

At the conclusion of the case the defendant requested a peremptory instruction, which was refused. There is no assignment of error other than as to the sufficiency of the evidence to sustain the conviction. It is insisted, in particular, that the evidence is insufficient to convict

Hall, as it did not couple him with the actual commission of the crime, nor prove a conspiracy to commit the crime.

If Hall's alibi had been separate, and at a different place from that of Arnold, there would be some difficulty in upholding the conviction; but the proof on the part of the defendants showed that they lived together, in the same house, and that they were together on the evening in question; and the testimony as to Hall's alibi would be false unless Arnold was also at the place claimed. In other words, if the testimony as to one is false, it is also false as to the other.

It is shown by the state that Hall was standing within a few feet of Arnold when the latter was entering the store, that he was watching Walker's house and disappeared when the door opened, while Walker was going from the door to the place where his pistol was kept and returning to the door. As already mentioned, it was a bright, moonlight night. Since there was a brief interval between Arnold's entrance of the store, and his coming out, the jury could well infer that Hall gave the alarm, having seen the door of the residence open; that he left at once; and that Arnold came out of the store much sooner than he otherwise would have done.

Mr. Walker was positive in his testimony identifying both of the parties; and certainly as to Arnold his testimony shows that he was within a few feet of him as he came out of the store through the window. Also, there was some braid, as well as some other articles, just outside the window where Arnold came out.

We think the evidence is sufficient to sustain the conviction, and the judgment is affirmed.

Affirmed.